REQUESTED BY: Milton R. Larson, Lincoln County Attorney, North Platte, Nebraska.
May a county agricultural society authorize officers of said society to contract for the construction of Fair related facilities at a meeting of the directors of said society, which meeting was not preceded by notices in compliance with the Nebraska Open Meeting Law?
Yes, because we believe that a county agricultural society is not subject to the provisions of the Nebraska Open Meeting Law as set out in sec. 84-1408, et seq., R.R.S. 1943.
The question which you have raised relates to certain actions taken by a county agricultural society as defined in sec. 2-201, R.R.S. 1943. Before we consider whether the society should have called for a public meeting before taking any action, it is first necessary to determine whether the Nebraska Open Meeting Law, sec. 84-1408, et seq., R.R.S. 1943, was intended to apply to meetings of a county agricultural society.
Section 84-1408 provides, in part, that:
 "Every meeting of a public body shall be open to the public. . ." (Emphasis added)
Section 84-1409 defines the term `public body' to mean:
 ". . . (a) governing bodies of all political subdivisions of the State of Nebraska, (b) governing bodies of all agencies, now or hereafter created by Constitution, statute, or otherwise pursuant to law, of the executive department of the State of Nebraska, (c) all independent boards, commissions, bureaus, committees, councils, subunits, or any other bodies, now or hereafter created by Constitution, statute, or otherwise pursuant to law, . . ." (Emphasis added)
As the above portion of the law indicates, the Legislature intended to regulate the meetings of governmental bodies that were created by statutory or constitutional law. We do not believe that a county agricultural society is included in this definition. As defined by sec. 2-201, R.R.S. 1943, a county agricultural society is formed `whenever 20 or more persons, residents of any county in this state, shall organize themselves into a society for the improvement of agriculture within said county, . . .' Therefore, while Nebraska law recognizes and authorizes the formation of such a society, it cannot be said that the statute creates an agricultural society in the same manner that other public bodies are so created by law. We believe that an agricultural society is best characterized as a private corporation, as opposed to a governmental agency. This conclusion is consistent with the Supreme Court's decision in Crete Mills v. Nebraska State Board of Agriculture,132 Neb. 244, 271 N.W. 684 (1937), wherein the Court found that the Nebraska State Board of Agriculture was best classified as a private corporation.
The legislative treatment of a county agricultural society is analogous to the statutory guidelines for the creation of a private business corporation. See sec. 21-2001, et seq., R.R.S. 1943. Like a business corporation, an agricultural society is not created by Nebraska law, but rather authorized and acknowledged by statute. To require an agricultural society to conduct business pursuant to the Nebraska Open Meeting Law would be tantamount to requiring a private corporation to conduct corporate meetings in public. Consequently, we believe that sec. 84-1409 of the Open Meeting Law does not apply to meetings of the county agricultural society.